**FILED**

07/20/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

**FILED**
07/20/2022 Case Number: PR 21-0081

Commission on Practice
of the Supreme Court
State of Montana

## BEFORE THE COMMISSION ON PRACTICE OF THE

## SUPREME COURT OF THE STATE OF MONTANA

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| IN THE MATTER OF MEGHAN M. DOUD,<br>An Attorney at Law,<br>Respondent. | Supreme Court Cause No.<br>PR 21-0081<br><br>ODC File No. 19-137<br><br>**ORDER STAYING PROCEEDINGS AND ORDERING INTERIM SUSPENSION** |

Hearing on the *Amended Complaint* was scheduled to be heard on July 20, 2022. By email communication on July 15, 2022, the undersigned was advised that Ms. Doud had agreed to proceed with a Rule 26 Conditional Admission. The parties requested the hearing be re-set as a private Rule 26 hearing rather than a contested hearing. The email communication also indicated an arrest warrant had been issued by the Lewis and Clark County Attorney for Ms. Doud and her father, Tim McKeon.[1]

The parties were advised by reply email from the undersigned that the request would be granted notwithstanding the request was after the deadline set by the scheduling order in this matter. A telephone conference with counsel was

---

[1] Subsequent communications indicated the basis for the criminal charges was essentially the type of conduct referred to in the *Amended Complaint* in these proceedings.

Order Staying Proceedings and Ordering Interim Suspension          Page 1          .80

scheduled for July 18, 2022, to discuss the manner in which the case would proceed. During the telephone conference, the undersigned confirmed the hearing would proceed as a Rule 26 hearing, with a notice to be issued and each of the parties each would be expected to waive the requirement for at least 20 days' notice as set by Rule 12D(1), MRLDE. Counsel each agreed to the waiver.

However, in the telephone conference, counsel for Ms. Doud indicated that with the existence of pending criminal charges his client would assert her constitutional right against self-incrimination during the hearing, making it virtually impossible to provide her an opportunity to present her defense. Ms. Bucy, Chief Disciplinary Counsel, advised that based on her research, the appropriate course is to stay these proceedings and impose an interim suspension while the criminal case progresses. Counsel for Ms. Doud concurred and indicated his client would stipulate on the record to this approach.

On July 20, 2022, the Adjudicatory Panel met at the scheduled hour. Ms. Bucy, Ms. Doud and Mr. Vicevich were personally present. A stipulation was filed with the Commission reflecting the foregoing approach. Ms. Doud confirmed on the record her intention to invoke her Fifth Amendment rights. The Office of Disciplinary Counsel orally moved amend the *Amended Complaint* to include a request for an interim suspension. Mr. Vicevich consented to the oral motion, which was granted.

The Commission having considered these events, the stipulation, Ms. Doud's assertion of her rights and the amendment to the *Amended Complaint*, determines good cause exists to stay these proceedings and impose an interim suspension of her right to practice law during the period of such stay. Authority to enter this Order is found in Rules 1G(8), 4B(1) and (3), 9A(7), 12D(2) and 22E of the MRLDE. Accordingly,

IT IS HEREBY ORDERED THAT these proceedings are stayed during the pendency of Ms. Doud's criminal case.

IT IS FURTHER ORDERED THAT the Stipulation of the parties is accepted and the parties are required to comply with its provisions.

IT IS FURTHER ORDERED THAT Ms. Doud and her counsel are to advise the Commission and the Office of Disciplinary Counsel not less than five (5) business days after her criminal case has been resolved by acquittal, final judgment following plea bargain, trial, appeal or otherwise.

IT IS FURTHER ORDERED THAT Megan Doud is suspended from the practice of law during the interim until these proceedings are concluded.

IT IS FURTHER ORDERED THAT Megan Doud shall comply with the requirements of Rule 30, MRLDE regarding notice.

IT IS FURTHER ORDERED THAT the Clerk of the Supreme Court shall be requested to cause copies of this Order for interim suspension to be given to the

Clerks of all of the District Courts of the State of Montana, all of the District Judges of the State of Montana, the Clerk of the Federal District Court for the District of Montana, the Clerk of the Circuit Court of Appeals of the Ninth Circuit, the Chairperson of the Commission, and the Executive Director of the State Bar of Montana, or as the Supreme Court otherwise may direct.

DATED this 20th day of July, 2022.

COMMISSION ON PRACTICE OF THE
SUPREME COURT OF THE STATE OF MONTANA

_____
Ward "Mick" Taleff, Chair

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 20th day of July, 2022, a true and correct copy of the foregoing **Order Staying Proceedings and Ordering Interim Suspension** was served via electronic service as follows:

Pamela D. Bucy, Esq.
Chief Disciplinary Counsel
pbucy@montanaodc.org

David L. Vicevich, Esq.
Attorney for Respondent
dave@vicevichlaw.com

_____
Shelly Smith, Office Administrator

# CERTIFICATE OF SERVICE

I, Shelly Smith, hereby certify that I have served true and accurate copies of the foregoing Other - Other to the following on 07-20-2022:

Pamela D. Bucy (Attorney)
P.O. Box 1099
Helena MT 59624
Representing: Office of Disciplinary Counsel
Service Method: eService

David L. Vicevich (Attorney)
3738 Harrison Ave.
Butte MT 59701
Representing: Meghan Doud
Service Method: eService

Ward E. Taleff (Attorney)
300 River Drive North,
Suite 5
GREAT FALLS MT 59401
Service Method: eService
E-mail Address: ward@talefflaw.com

Electronically Signed By: Shelly Smith
Dated: 07-20-2022